**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TONYA L. HUBBARD, *et al.*, <br><br> Defendants. | Civil Action No. AW-13-344 |

## MEMORANDUM OPINION

Pending before the Court are Defendants' Motion to Stay, Doc. No. 17, and Plaintiff's Motion to Modify the Scheduling Order, Doc. No. 13. The Court has reviewed the motion papers and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the following reasons, the Court will **DENY** Defendants' Motion to Stay and **GRANT-IN-PART** and **DENY-IN-PART** Plaintiff's Motion to Modify the Scheduling Order.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Tonya L. Hubbard is a paid tax return preparer and owns and operates Defendant Universal Tax Service, LLC (UTS), which conducts its business out of Prince George's County, Maryland. Doc. No. 1 ¶ 5. Plaintiff United States filed this suit on February 1, 2013, seeking to enjoin Defendants from, *inter alia*, preparing federal tax returns for others based on their allegedly fraudulent preparation activities since 2007. *Id.* ¶ 1. Plaintiff asserts that such an injunction is authorized by various provisions of the Internal Revenue Code, 26 U.S.C. §§ 7402, 7407, and 7408. *Id.*

1

Defendants answered the Complaint on February 27, 2013, and the Court issued a Scheduling Order the following day. Doc. Nos. 6–7. That Order provided that disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure need not be made. Doc. No. 7 at 2. Plaintiff has moved for a modification of the scheduling order to require that full initial disclosures be made and to adjust certain deadlines given that extensive fact discovery will be required in this case. Doc. No. 13. Defendants oppose being required to disclose items under Rule 26(a)(1)(A)(ii) on the grounds that the Criminal Investigation Division of the Internal Revenue Service seized Defendants' hard documents by search warrant on October 11, 2012, and still retain these documents. Doc. No. 16-1 at 2. Therefore, they assert that disclosures identifying the contents of these documents are not possible under the circumstances.

On March 29, 2013, Defendants moved to stay the proceedings on the grounds that the circumstances of this case—in particular, the ongoing criminal investigation into Defendants' activities—prevent Hubbard from presenting a defense to Plaintiff's allegations in two ways. Doc. No. 17-1 at 1. First, Defendants contend that Hubbard must either waive her rights under the Fifth Amendment by contesting the case on the merits, which would risk self-incrimination, or assert her Fifth Amendment rights by declining to respond to discovery requests, which could result in a civil judgment against her. *Id.* at 1–2. Second, Defendants assert that the IRS's retention of their documents that were seized pursuant to a search warrant prevents Hubbard from accessing and presenting essential evidence in defending the civil action. *Id.* at 2. However, on April 8, 2013, Hubbard notified that Court that the parties were arranging dates for review of Defendants' materials that were seized by the IRS. Doc. No. 19. Hubbard acknowledged that Plaintiff appeared poised to grant Defendants access to these materials, but

submitted that a stay based on Hubbard's Fifth Amendment rights remained a just and appropriate exercise of the Court's discretion. *Id.*

## II. MOTION TO STAY

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A total stay of civil discovery pending the outcome of related criminal matters is an extraordinary remedy appropriate for extraordinary circumstances." *Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987). Courts may consider the following factors in analyzing a party's request for a stay of civil proceedings pending the outcome of a related criminal investigation:

> (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the criminal case including whether the defendants have been indicted; (3) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation; (4) the private interests of, and the burden on, the defendant; (5) the interest of the courts; and (6) the public interest.

*In re Royal Ahold N.V. Securities & ERISA Litigation*, 220 F.R.D. 246, 253 (D. Md. 2004) (quoting *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003)); *accord Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012). The Court acknowledges that the issues in the instant civil case and the pending criminal investigation overlap. The Court also recognizes that Defendants' business interests would be significantly burdened by the imposition of a permanent injunction. However, upon consideration of the remaining factors and the specific circumstances of this case, the Court concludes that the extraordinary remedy of staying this case is not warranted.

First, no indictment has issued against any of the Defendants. While it is not necessarily a dispositive issue, the fact that Defendants have not been indicted counsels against the granting

of a stay. *See, e.g.*, *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 79 (1st Cir. 2004) ("[A]n unindicted defendant who argues that going forward with a civil proceeding will jeopardize his Fifth Amendment rights usually presents a much less robust case for such extraordinary relief."); *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 805 (E.D.N.Y. 1992) (citing cases and noting that "[p]re-indictment requests for a stay [of civil proceedings] are generally denied"); *United States v. All Meat and Poultry Products Stored at Lagrou Cold Storage*, No. 02 C 5145, 2006 WL 27119, at*2 (N.D. Ill. Jan. 4, 2006) ("[C]ourts generally issue stays to protect the interests of only those persons against whom an indictment has already issued."). Furthermore, although a criminal investigation has commenced, Defendants have not demonstrated that indictment is anything more than a remote or speculative possibility. *See, e.g.*, *Louis Vuitton*, 676 F.3d at 100 n.14 (noting that the analysis focuses on "whether a prosecution is likely and imminent as opposed to a remote or purely hypothetical possibility"); *Microfinancial*, 385 F.3d at 79 (holding that district court properly acted within its discretion to deny a motion to stay where the movant "failed to provide the court with any indication that an indictment was imminent").

Plaintiff's interest in this case, which is equivalent to the public interest because Plaintiff is the United States, also weighs against issuing a stay. Congress granted the courts broad authority to enjoin conduct that violates the Internal Revenue Code, including the authority to enjoin tax preparers. *See* 26 U.S.C. §§ 7402, 7407, and 7408. Furthermore, courts have recognized that it is in the public interest to prevent individuals and companies from aiding in the preparation of fraudulent tax returns. *See, e.g.*, *United States v. Brown*, No. 1:12-cv-394-SEB-DKL, 2013 WL 1221982, at *5 (S.D. Ind. Mar. 25, 2013) (denying motion to stay where the United States argued that a stay would "impede its effort to protect low-income taxpayers from

Defendants' fraudulent practices and to prevent the U.S. Treasury from wrongfully losing tax revenue"); *United States v. Ogbazion*, No. 3:12-cv-95, 2012 WL 4364306, at *3 (S.D. Ohio Sept. 24, 2012) (denying motion to stay where Defendants' allegedly fraudulent tax preparation activities gave them an unfair competitive advantage over law-abiding preparers and concluding that it was in the public interest to maintain the integrity of the federal tax system); *United States v. Buddhu*, No. 3:08-cv-0074 (CFD), 2009 WL 1346607, at *5 (D. Conn. May 12, 2009) (granting permanent injunction against tax return preparers and finding the public interest would be served because "the harm to [the defendant preparers] is substantially outweighed by the harm to which their clients are subjected by having fraudulent tax returns prepared in their names.").

Defendants argue that tax preparation is a highly seasonal activity, and suggest that a stay until the next filing season would not harm the public interest. However, late or amended tax returns may be prepared at any time of year. Furthermore, the public interest will be served by obtaining an expeditious resolution to this case so that the allegedly fraudulent activity can be enjoined without unnecessary delay. *See Brown*, 2013 WL 1221982, at *5 ("[I]f the Government's allegations are indeed true, these taxpayers and the U.S. Treasury should not have to await the resolution of a criminal prosecution that may or may not ensue to be free from Defendants' fraudulent activities.").

Defendants assert that the interests of the courts are served by staying the case because parallel proceedings would inhibit the truth-finding process and lead to discovery disputes. As discussed above, however, no indictments have issued and it would be speculative at this juncture to assume that the civil proceedings will be substantially hindered by the ongoing criminal investigation. Therefore, the interests of the courts do not weigh in favor of granting a

stay. *See Ogbazion*, 2012 WL 4364306, at *2 (finding that the mere potential for discovery disputes did not weigh in favor of granting a stay).

Accordingly, Defendants' Motion to Stay will be **DENIED**.

### III. MOTION TO MODIFY SCHEDULING ORDER

As discussed above, the United States moves for a modification of the Court's scheduling order to require initial disclosures under Rule 26(a)(1)(A)(i)–(ii).[1] Defendants support disclosure of individuals under Rule 26(a)(1)(A)(i), Doc. No. 16-1 at 2, and therefore, the Court will **GRANT** that portion of Plaintiff's Motion.

However, Defendants oppose disclosure under Rule 26(a)(1)(A)(ii), which provides that a party disclose, prior to a discovery request, "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." It is not disputed that the IRS has seized and continues to retain a substantial number of Defendants' documents. The Court agrees with Defendants that it is illogical to require them to disclose the contents of documents or other items that are not in their possession, custody, or control. The Court believes that it is neither practical nor necessary that such initial disclosures are made, and will therefore **DENY** this portion of Plaintiff's Motion.[2]

Finally, Defendants do not oppose Plaintiff's request to modify some of the deadlines in the Scheduling Order given that extensive fact discovery is required. The Court will therefore **GRANT** this portion of Plaintiff's Motion.

---

[1] Although Plaintiff requests that the parties be required to make full initial disclosures under Rule 26(a)(1), Doc. No. 13 at 1, only subsections (a)(1)(A)(i) and (a)(1)(A)(ii) appear relevant in this case.
[2] Plaintiff's request that this case not be exempt from the requirements of Rule 26(f) is moot given the parties' representations that a discovery conference has already been held.

**IV. CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Stay and **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's Motion to Modify the Scheduling Order. A separate Order follows.


___April 24, 2013__             _____/s/_____
     Date                       Alexander Williams, Jr.
                                United States District Judge